UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Ingrid Dinvalds,
      Plaintiff,

v.

John E. Potter,
Postmaster General,
      Defendant.

Case No. C-1-03-097
(Spiegel, J.)
(Hogan, M.J.)

---

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on the Defendant's Motion to Dismiss (Doc. 23), Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 24) and Defendant's Reply thereto (Doc. 25).

**BACKGROUND**

Plaintiff began her employment with the Postal Service on December 7, 1996. On May 14, 2001, Plaintiff filed a request for precomplaint counseling alleging discrimination on the basis of disability, sex and retaliation for prior EEO activity. (Doc. 23, Declaration of Willie Stephens, Exh. A). On July 7, 2001, Plaintiff and Defendant entered into a settlement agreement. The agreement called for Plaintiff to be assigned to primary duties and proper accommodations for her disability. (Id. at Exh. B).

On October 4, 2001, Plaintiff wrote a letter alleging that the Postal Service breached the settlement agreement and requesting that her complaint be reinstated. (Id. at Exh. C). On October 24, 2001, the Postal Service dismissed Plaintiff's claim finding that there had been no breach of the settlement agreement. The

Postal Service's letter also advised Plaintiff of her appeal rights. (Id. at Exh. D).

On November 21, 2001, Plaintiff filed a Notice of Appeal alleging that the Postal Service did not "follow through" with the settlement agreement. (Id. at Exh. E). The Postal Service responded to the Appeal on January 18, 2002, by presenting documentary evidence that Plaintiff had been working in the primary unit. (Id. at Exh. F). Thereafter, on March 19, 2002, the EEOC issued a decision affirming the Postal Service's decision finding no breach of the agreement. (Id. at Exh. G). Plaintiff then filed a Request for Reconsideration.[1] On July 18, 2002, the Request for Reconsideration was denied. The notice of denial informed Plaintiff of her right to file a civil action within ninety (90) days from the date that she received the decision. (Id. at Exh. H). Plaintiff claims that she called the Office of Federal Operations on October 30, 2002 to inquire as to the status of her appeal and was told at that time that it had been denied. (Doc. 5, First Amended Complaint, at ¶ 15). Plaintiff requested that a second notice be mailed to her. A copy of the original notice was mailed to Plaintiff on November 7, 2002 which Plaintiff claims to have received on November 9, 2002. (Doc. 24, Exh. A, Doc. 25, Exh. I).

Plaintiff submitted a pro se Complaint to the district court, along with an application to proceed in forma pauperis (IFP) on December 9, 2002. (Doc. 1). The clerk stamped the Complaint "received" and filed the IFP application. In an order filed December 12, 2002, the district court denied Plaintiff's IFP application citing insufficient information pertaining to monthly income and debts and granted Plaintiff thirty (30) days in which to pay the required filing fee or resubmit her IFP application with the appropriate information. (*See* Doc. 2). On January 13, 2003, Plaintiff filed a second application to proceed IFP. (Doc. 3). Once again, the district court denied Plaintiff's application due to a defective financial affidavit. (*See* Doc. 4). This time, the district court allowed Plaintiff twenty (20) days in which to pay the required filing fee or resubmit her application with the appropriate notarization. (Id.). Plaintiff subsequently paid the required filing fee and her Complaint was deemed "filed" as of February 6, 2003. (Doc. 5). In conjunction with her payment of the filing fee, Plaintiff also filed a Motion for Assistance Obtaining Counsel on February 6, 2003 which this Court granted on

---

[1] As neither party has provide the Court with the date said request was made, we will assume for purposes of this motion that Plaintiff made such request on the last allowable date which would have been April 23, 2002 (Thirty days plus five days). *See* 29 C.F.R. § 1614.405.

February 7, 2003.  (Docs. 6, 8).   Thereafter, on June 24, 2003, counsel entered an appearance on behalf of Plaintiff.  (*See* Doc. 11).  On July 9, 2003, Plaintiff filed an Amended Complaint. (Doc. 12).  Because Plaintiff failed to serve a summons and copy of the Amended Complaint upon the United States Attorney for the Southern District of Ohio, the Court issued an order to show cause why Plaintiff's Complaint should not be dismissed for failure of service.  (Doc. 18).  Thereafter, on January 16, 2004, Plaintiff filed a Response to the Order to Show Cause confirming that she properly served a summons, and copies of the Complaint and Amended Complaint upon the United States Attorney for the Southern District of Ohio on January 13, 2004[2].  (Doc. 20).  The Court, therefore, found its Order to Show Cause satisfied and that dismissal for failure of service was inappropriate.  (Doc. 22).

On March 11, 2004, Defendant filed his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that, because Plaintiff failed to file her Complaint within ninety days of receiving her Right to Sue letter from the EEOC, the Court is without jurisdiction over the subject matter.  Defendant also argues that Plaintiff failed to properly serve her original Complaint upon the U.S. Attorney within 120 days and that Federal Rule of Civil Procedure 4(m), therefore, mandates dismissal.

## OPINION

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient.  *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio  1993)(Spiegel, J.).  When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction.  *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  Moreover, the Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other

---

[2] The Return of Service indicates that service was made on January 14, 2004.  (Doc. 21).

3

evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie*, 15 F.3d at 598. However, the Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

## This Court Lacks Jurisdiction Over the Subject Matter of Plaintiff's Claims Against the Defendant

Defendant contends that, because Plaintiff did not file her Complaint within ninety (90) days after receipt of the Commission's final decision, the Court lacks subject matter jurisdiction over Plaintiff's Complaint. Plaintiff, for her part, argues that her Complaint was timely filed because she did not receive the original right to sue letter. She claims that she did not have actual notice of her right to sue until she received the second right to sue letter on November 9, 2002.

The federal courts have strictly enforced Title VII's ninety-day statutory limit. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000); *Adams v. Noble*, 137 F. Supp.2d 1054, 1058 (S.D. Ohio March 20, 2001)(Spiegel.J.). In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984), wherein a *pro se* Title VII complaint was dismissed as filed outside the limitations period, the Supreme Court stated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants." *Id.,* at 466 U.S. at 152.

In the present case, the EEOC issued and posted Plaintiff's right to sue letter on July 18, 2002. (Doc. 23, Exh. H). The Sixth Circuit has stated that notice is given and the ninety-day limitations period begins to run on the fifth day following the EEOC's mailing of a right to sue letter to Plaintiff's address of record, by virtue of the presumption of actual delivery and receipt within the five-day duration, unless Plaintiff rebuts that presumption with proof that he did not receive the notification within that period. *Adams*, 137 F. Supp.2d at 1058 (citing *Graham-Humphreys*, 209 F.3d at 557; *Banks v. Rockwell Int'l N. Am. Aircraft Operations*,

855 F.2d 324, 325-27 (6th Cir. 1988); *Cook v. Providence Hosp.,* 820 F.2d 176, 179 n.3 (6th Cir. 1987); *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474-75 (6th Cir. 1986)). Plaintiff offers only her unsubstantiated allegations that she did not receive the July, 2002, Notice of Right to Sue.

When faced with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a party may not rest on the factual allegations in its pleadings.[3] *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Plaintiff has had ample opportunity to submit any evidentiary material, such as an affidavit, in support of her assertion that she did not receive the original right to sue letter, but has failed to do so. However, assuming, *arguendo*, that Plaintiff had submitted an affidavit supporting her claim that she did not receive the original notification, such evidence would not automatically warrant the denial of Defendant's motion. Unlike a motion for summary judgment, where the court must refrain from weighing the evidence and the existence of a material factual dispute precludes dismissal, the Court is authorized under a 12(b)(1) to weigh the evidence in order to satisfy itself as to the existence of its power to hear the case. *See RMI Titanium Co. v. Westinghouse Electric Corporation*, 78 F. 3d 1125, 1134 (6th Cir. 1996)(citing *Mortenson v. First Federal Savings & Loan Ass'n,* 549 F.2d 884, 890-91(3rd Cir. 1977)).

The Commission issued the original right to sue letter on July 18, 2002 and Plaintiff was presumed to have received such on or before July 23, 2002. Allowing for equitable tolling during the pendency of Plaintiff's IFP applications, Plaintiff's Complaint was "constructively filed" on December 9, 2002, more than ninety days following the July 23, 2002 receipt of the right to sue letter.[4] *See Truitt v. County*

---

[3] While Defendant argues that, pursuant to Fed. R. Civ. P. 12(c), his motion must be treated as one filed pursuant to Fed. R. Civ. P. 56, we disagree. Rule 12(c) provides that "[a]fter pleadings are closed . . . a party may move for judgment on the pleadings." Because Defendant has filed no answer in response to Plaintiff's Complaint, the pleadings are not closed and Rule 12(c) is not implicated. *See* Fed. R. Civ. P. 7(a); *see also Williams v. Wilkinson*, 122 F. Supp.2d 894, 897 n.2 (S.D. Ohio Nov. 29, 2000)(Pleadings are considered "closed" once a complaint and answer have been filed). Thus, Defendant's motion remains a motion filed pursuant to Rule 12(b)(1).

[4] Because the Court's Orders denying Plaintiff's IFP motions granted Plaintiff a total of fifty (50) days in which to pay the required filing fee or perfect her IFP applications, we consider the limitations period for filing her Complaint tolled during said period.

5

*of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998)(The ninety-day time period is tolled during the pendency of an IFP application, such that the fiction of "constructive filing" is applicable). Because no presumptive truthfulness attaches to Plaintiff's allegations, and because Plaintiff has offered no proof rebutting the presumption that she received her right to sue letter on July 23, 2002, Plaintiff has failed to meet her burden of proving that jurisdiction exists. *Moir*, 895 F.2d at 269.

      While Plaintiff makes no specific argument that the limitations period should be further tolled due to her alleged failure to receive the original notification, such an argument, if asserted, would not be well taken in this instance. The federal courts sparingly bestow equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control. *See Baldwin County,* 466 U.S. at 151 ("one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *see also Johnson v. United States Postal Service,* 64 F.3d 233, 238 (6th Cir. 1995)(holding that a litigant's failure to satisfy a deadline caused by "garden variety neglect" cannot be excused by equitable tolling). Absent compelling equitable considerations, a court should not extend limitations by even a single day. *Graham-Humphreys*, 209 F.3d at 561. Plaintiff does not argue that the address to which the original Notice was sent was incorrect. Indeed, the second Notice, which Plaintiff received, was sent to the same address as was the original Notice. Moreover, the original notification was not returned as undeliverable. Plaintiff offers no explanation, or proof, as to her failure to receive the original notification. Furthermore, Plaintiff allowed more than six months following her request for reconsideration to elapse before inquiring as to the status of her appeal. In light of the time sensitive nature of these proceedings, reasonable diligence would dictate an more timely inquiry. Accordingly, because we do not find any compelling equitable considerations, we find that the limitations period should not be extended any further than previously allowed during the pendency of Plaintiff's IFP applications.

      Additionally, while the issue has been rendered moot by our decision above, Defendant also argues that Plaintiff's failure to serve a summons and copy of the original Complaint upon the U.S. Attorney for the Southern District of Ohio within 120 days is grounds for dismissal under Fed. R. Civ. P. 4(m). Plaintiff argues that dismissal is not proper under Rule 4(m) because she served the Amended Complaint as well as the original Complaint upon Defendant pursuant to the

Court's Order to Show cause. (*See* Doc. 18). On February 2, 2004, the Court found that its Order to Show Cause was satisfied and that dismissal for failure of service was not appropriate. (*See* Doc. 22). While the Court did not make a specific finding of good cause, we find that such a finding is not necessary. *See Wise v. Department of Defense*, 196 F.R.D. 52, 56 (S.D. Ohio March 19, 1999)(Rice, J.)(the Court may, in its discretion, extend the 120-day period for plaintiff to effect service upon defendant pursuant to the first clause of Rule 4(m), even absent a showing of good cause). For this reason, we find that dismissal under Fed. R. Civ. P. 4(m) is not warranted.

In conclusion, for the reasons stated above, we find that Plaintiff has failed to timely file her Complaint within ninety days of receiving the Commission's final decision. As such, this Court is without subject matter jurisdiction and we recommend that Plaintiff's Complaint be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1) Defendant's Motion to Dismiss (Doc. 23) be GRANTED;

2) Plaintiff's Complaint be DISMISSED and this case be TERMINATED upon the Court's docket.


Date:   5/16/2005             s/Timothy S. Hogan
                              Timothy S. Hogan
                              United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 5/17/2005. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

J:\SMITHLE\MTNDISM\Dinvalds12b1.r&r.wpd