UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

INGRID DINVALDS,                      :
                                      :
          Plaintiff,                  :
                                      :  NO. 1:03-CV-00097
                                      :
     v.                               :
                                      :  **ORDER**
                                      :
JOHN E. POTTER, POSTMASTER            :
GENERAL, et al.,                      :
                                      :
          Defendants.                 :


     This matter is before the Court on the Magistrate Judge's
May 17, 2005 Report and Recommendation (doc. 26), Plaintiff's
Objections (doc. 27), and Defendant Potter's Response (doc. 29).
This case involves Plaintiff Ingrid Dinvald's allegations pursuant
to 42 U.S.C. § 2000 (e) et seq., that Defendant discriminated
against her on the basis of sex, disability, and retaliation (doc.
12).  Proceeding pro se, Plaintiff filed her Complaint on December
9, 2002, and a motion to proceed in forma pauperis ("IFP")(doc.
5).[1]  On December 12, 2002, this Court denied Plaintiff's motion to
proceed IFP, and granted an extension of 30 days from the date of
the Order to pay the required fee or resubmit her motion (doc. 2).
On January 13, 2003, Plaintiff resubmitted her motion (doc. 3), and

_____

     [1] Originally, Plaintiff filed a Complaint with the Equal
Employment Opportunity Commission ("EEOC") alleging the same
facts and circumstances, and the EEOC instructed her that she
could not appeal its decision because her appeal was not timely
filed (doc. 12).

the Court again denied her motion and granted her an extension of time of 20 days to pay the required filing fee or resubmit her motion (doc. 4). After paying the required filing fee, the docket noted her Complaint "filed" as of February 6, 2003. On the same date, Plaintiff filed a Motion for Assistance in Obtaining Counsel, and the assigned Magistrate Judge granted this motion. After obtaining counsel, Plaintiff filed an Amended Complaint on July 9, 2003, alleging that Willie Stevens ("Stevens") and Natasha Jackson ("Jackson"), employees of USPS and two of Plaintiff's superiors, intentionally breached a settlement agreement (Id.). Specifically, Plaintiff alleges that Stevens, Jackson, and she reached a settlement agreement resolving Ms. Dinvalds's allegations of sex, disability, and reprisal discrimination, by transferring her to another department that was more accommodating to her medical restrictions(Id.). However, Plaintiff alleges that Stevens and Jackson maliciously and willfully, in retaliation for a previous EEOC complaint, did not make any attempt to check on an available position within the department, and therefore breached the settlement agreement (Id.).

On January 9, 2004, Magistrate Judge Hogan issued an Order to Show Cause, because it appeared Plaintiff failed to effect proper service of process on the Defendant, as provided in Rule 4(i) of the Federal Rules of Civil Procedure (doc. 18). On January 16, 2004, Plaintiff filed a response to the Order to Show

-2-

Cause averring that initially a copy of the summons and First Amended Complaint to the United States Attorney for the Southern District of Ohio ("US Attorney") was unintentionally not served (doc. 20). However, Plaintiff assured the Court on January 13, 2004, service to the US Attorney was properly made (Id.). Acknowledging this action by Plaintiff, the Magistrate Judge found the Order to Show Cause was satisfied and that dismissal of Plaintiff's Complaint was inappropriate at that time (doc. 22).

On March 11, 2004, Defendant filed a Motion to Dismiss contending Plaintiff's Complaint should be dismissed on jurisdictional grounds pursuant to Civil Rule 12 (doc. 23). Defendant argues this Court lacks subject matter jurisdiction because after the EEOC's decision denying the Request for Reconsideration on July 18, 2002, Plaintiff had until October 16, 2002, a period of 90 days, to file a civil action (Id.). However, Defendant alleges that Plaintiff did not file her instant Complaint until February 6, 2003, therefore, making her Complaint untimely filed and subject to dismissal (Id.). In addition, Defendant alleges that he should have been served with Plaintiff's Complaint on November 6, 2003, and service was not effected until at least 60 days later. Therefore, pursuant to Fed. R. Civ. P. 4(m), Defendant argues Plaintiff's failure to effect service within 120 days is grounds for dismissal.

On March 31, 2004, Plaintiff filed a response in

-3-

opposition to Defendant's motion to dismiss (doc. 24). Ms. Dinvalds argues that she did not receive the original notice of rights letter from the EEOC, and the letter she received on November 9, 2002 was dated November 7, 2002 (<u>Id</u>.). Therefore, Plaintiff contends that her period for filing a civil suit began on November 7, 2002, and she filed her Complaint on December 9, 2002, a date within the 90 day statute (<u>Id</u>.). Plaintiff contends that she properly served the United States Attorney General and Postmaster General, and satisfied the assigned Magistrate Judge's Show Cause Order to serve the US Attorney (<u>Id</u>.).

On May 17, 2005, the assigned Magistrate Judge offered a Report and Recommendation to the Court (doc. 26). The Magistrate Judge offered the recommendation that the Defendant's motion to dismiss be granted. The Magistrate Judge concluded that Plaintiff offered no evidence rebutting the presumption she received the original Right to Sue letter on July 23, 2002 (<u>Id</u>.). In addition, the assigned Magistrate Judge asserts that an argument to extend equitable tolling from Ms. Dinvald would not be well taken (<u>Id</u>.). The parties were provided proper notice of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. <u>See</u> <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).

On May 27, 2005, Plaintiff filed an objection to the

-4-

Report and Recommendation (doc. 27). Plaintiff continues to argue that she should be granted equitable tolling, because unlike cases where the Court did not toll the 90 day statute, Plaintiff did not change her address or receive a notice that her charges had been dismissed (Id.). Furthermore, Ms. Dinvalds avers that "equity requires that Plaintiff's case be determined on the merits rather than be dismissed because of a procedural issue resulting from events beyond Plaintiff's control" (Id.). On June 2, 2005, Defendant filed a response to Plaintiff's Objections to the Report and Recommendation (doc. 29).

Upon de novo review pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation well reasoned and proper. Plaintiff fails to provide the Court with compelling evidence as to why she should be eligible for equitable tolling. Usually, equitable tolling is only granted when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control. See Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984). However, Plaintiff does not provide the Court any evidence in her original complaint, amended complaint, or objection that she did not receive her right to sue letter on July 23, 2002. In addition, she does not provide a compelling explanation as to why she waited more than six months to ask the EEOC about the status of her appeal. Accordingly, the Court does not find any compelling

-5-

equitable considerations nor any reason as to why the limitation period should be extended any further than previously allowed during the pendency of Plaintiff's IFP applications.

For the foregoing reasons, Plaintiff's Objections to the Report and Recommendation (doc. 27) are OVERRULED.  The Report and Recommendation (doc. 26) is ADOPTED IN ITS ENTIRETY.  The Defendant's Motion to Dismiss (doc. 23) is GRANTED.  The Clerk is instructed to remove the instant case from this Court's docket.

SO ORDERED.

Dated: August 22, 2005          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge